# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JUANITA W. WICKS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:16CV243 CDP |
| WELLS FARGO HOME MORT. et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Juanita W. Wicks seeks leave to proceed in forma pauperis in this civil action filed pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, *et seq*. Although plaintiff Juanita Wick's motion to proceed in forma pauperis will be granted, she will be asked to show cause why this action should not be dismissed based on her lack of standing to bring this action to federal court.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff, Juanita Wicks, has filed the present action pursuant to RESPA, on behalf of both herself and her "estranged" husband Feldon Wicks. Mr. Wicks has not filed his own financial affidavit or motion to proceed in forma pauperis, which he is required to do if he is pursuing this action on his own behalf, nor has he signed the complaint, which is required under Federal Rule of Civil Procedure 11.

In her complaint, plaintiff Juanita Wicks states that defendants Wells Fargo Home Mortgage, Greg Luber (Attorney) and Bank of New York Mellon, acted unlawfully under RESPA by committing "fraud." She claims that she and her estranged husband purchased a home, address unidentified, in May of 2005, but after that time her husband underwent financial hardships and required two modifications of his mortgage. Plaintiff also states that her husband, Mr. Wicks, filed for Chapter 13 Bankruptcy on two separate occasions, and was represented by attorney Greg Luber on each occasion.

Plaintiff Juanita Wicks claims that Luber acted in concert with Wells Fargo by "filing forged documents," causing a second deed of trust to be entered against him in an amount in excess of $7,000. Plaintiff Juanita Wicks claims that her husband's prior Chapter 13 case was terminated because the Bankruptcy Trustee chose to pay the Second Deed of Trust, held by U.S. Bank. Plaintiff Juanita Banks complains that after this occurred, Wells Fargo refused to give Feldon Wicks a HAMP loan.[1]

---

[1] Plaintiff Juanita Wicks has not made any allegations against Bank of New York Mellon.

The Court takes judicial notice of plaintiff Feldon Wicks' current Chapter 13 bankruptcy filings in the United States Bankruptcy Court, Eastern District of Missouri: *In re Feldon Wicks*, Case No. 15-46892 (E.D.Mo), assigned to the Honorable Barry S. Schermer.[2] In Mr. Wicks' Schedules to his Chapter 13 Petition, specifically his Real Property Schedule, Feldon Wicks claims a "Debtor's Residence" at 1504 Hudson Road, St. Louis, MO 63136.[3] Plaintiff Feldon Wicks indicates that he owns this residence in fee simple, and that it is not jointly owned. In other words, according to Feldon Wicks in his bankruptcy documents, Juanita Wicks' name is allegedly not on the Hudson Road property. Plaintiff states that the creditor on the property is Wells Fargo, and that they hold the full amount of the secured mortgage.

For several of the aforementioned reasons, the Court will request plaintiff Juanita Wicks show cause why this matter should not be dismissed due to plaintiff Juanita Wicks' lack of standing to bring the present lawsuit. First, it appears that plaintiff Juanita Wicks is not a property owner, or a mortgage holder, on the Hudson Road property, which appears to be the property relating to the mortgage at interest in the present lawsuit. Second, Feldon Wicks, the property holder and mortgage holder, has not signed the complaint or brought a motion to proceed in forma pauperis, as required by Fed.R.Civ.P.11, and therefore, the proper party is not at present a party to this lawsuit. *See* Fed.R.Civ.P.18 and 20. Third, plaintiff Juanita Wicks is a pro se litigant and cannot represent another party. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1. Plaintiff Juanita Wicks will have thirty (30) days to respond to the Court's show cause order. In her response to the Court's

---

[2] This matter was filed by Feldon Wicks on September 12, 2015. The order confirming the Chapter 13 plan was signed by Judge Schermer on January 20, 2016.

[3] Plaintiff Juanita Wicks indicates in her complaint that her current residence is at 166 Birchleaf Dr., St. Peters, MO 63376. Nowhere in the complaint does plaintiff Juanita Wicks mention that property on Hudson Road.

order, she should specifically respond why she believes she has standing to maintain the present action. If she agrees with the Court that she lacks standing to bring this action, she should file a voluntary dismissal of the action forthwith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. # No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff Juanita Wicks shall file a response to this Court's Order to Show Cause relative to her lack of standing to bring the present action.

**IT IS FURTHER ORDERED** that plaintiff's failure to file a timely response to the Court's Memorandum and Order will result in a dismissal of this action, without prejudice.

Dated this 1st day of March, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE