**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA W. WICKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16CV243 CDP |
| | ) | |
| WELLS FARGO HOME MORT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On March 1, 2016, this Court ordered plaintiff Juanita Wicks to show cause why this action should not be dismissed due to her lack of standing to bring this action in federal court. Plaintiff filed a response to the Court's Order on March 24, 2016. After reviewing the response in its entirety, the Court will dismiss this action due to plaintiff's lack of standing to maintain the present lawsuit.

### The Complaint

In her complaint, plaintiff Juanita Wicks states that defendants Wells Fargo Home Mortgage, Greg Luber (Attorney) and Bank of New York Mellon, acted unlawfully under the Real Estate Settlement Procedures Act ("RESPA") by committing "fraud." She claims that she and her estranged husband purchased a home, address unidentified, in May of 2005, but after that time her husband underwent financial hardships and required two modifications of his mortgage. Plaintiff also states that her husband, Mr. Wicks, filed for Chapter 13 Bankruptcy on two separate occasions, and was represented by attorney Greg Luber on each occasion.

Plaintiff Juanita Wicks claims that Luber acted in concert with Wells Fargo by "filing forged documents," causing a second deed of trust to be entered against him in an amount in

excess of $7,000. Plaintiff Juanita Wicks claims that her husband's prior Chapter 13 case was terminated because the Bankruptcy Trustee chose to pay the Second Deed of Trust, held by U.S. Bank. Plaintiff Juanita Banks complains that after this occurred, Wells Fargo refused to give Feldon Wicks a HAMP loan.

The Court takes judicial notice of plaintiff Feldon Wicks' current Chapter 13 bankruptcy filings in the United States Bankruptcy Court, Eastern District of Missouri: *In re Feldon Wicks*, Case No. 15-46892 (E.D.Mo), assigned to the Honorable Barry S. Schermer.[1] In Mr. Wicks' Schedules to his Chapter 13 Petition, specifically his Real Property Schedule, Feldon Wicks claims a "Debtor's Residence" at 1504 Hudson Road, St. Louis, MO 63136.[2] Plaintiff Feldon Wicks indicates that he owns this residence in fee simple, and that it is not jointly owned. In other words, according to Feldon Wicks in his bankruptcy documents, Juanita Wicks' name is allegedly not on the Hudson Road property. Plaintiff states that the creditor on the property is Wells Fargo, and that they hold the full amount of the secured mortgage.

**Discussion**

After reviewing the complaint in its entirety, the Court ordered plaintiff Juanita Wicks to show cause why this matter should not be dismissed due to plaintiff Juanita Wicks' lack of standing to bring the present lawsuit. The Court had three reasons for doing so.

First, it appeared that plaintiff Juanita Wicks was not the property owner, or mortgage holder, of the Hudson Road property, which appears to be the property relating to the mortgage at interest in the present lawsuit. Second, Feldon Wicks, the property owner and mortgage

---

[1] This matter was filed by Feldon Wicks on September 12, 2015. The order confirming the Chapter 13 plan was signed by Judge Schermer on January 20, 2016.

[2] Plaintiff Juanita Wicks indicates in her complaint that her current residence is at 166 Birchleaf Dr., St. Peters, MO 63376. Nowhere in the complaint does plaintiff Juanita Wicks mention the property on Hudson Road.

holder, has not signed the complaint, or brought a motion to proceed in forma pauperis, as required under Fed.R.Civ.P.11, and therefore, the proper party is not presently a party to this lawsuit. *See* Fed.R.Civ.P. 18 and 20. Third, plaintiff Juanita Wicks is a pro se litigant and cannot represent another party. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1.

In response to the Court's Order, plaintiff Juanita Wicks has filed a document entitled "Deed of Trust." Unfortunately, the document filed by plaintiff Juanita Wicks has handwriting added all over the document by unnamed sources, along with a notation that states, "Forgery has been tampered with." Plaintiff appears to have given this "Deed of Trust" to the Court in an attempt to show that she is a property owner of the property on Hudson Road. However, the Court cannot accept this document as a legal document without some indication of his source, and legal significance, especially given the notation of fraud at the top.[3]

Plaintiff Juanita Wicks has also provided the Court with copies of letters from the Consumer Protection Division of the Attorney General's Office of Missouri, as well as the United States Department of Justice, indicating that these entities have received plaintiff's complaints about Wells Fargo. Unfortunately, plaintiff's complaints to these entities cannot provide evidence of her legal interest in the property on Hudson Road.

Plaintiff has also circled her "cc," or "carbon copy" of an order to her husband from the bankruptcy court, relating to the property on Hudson Road. The fact that she was recognized as a co-debtor in the bankruptcy court for some of her husband's debts also, by itself, does not show evidence of a legal interest in the property on Hudson Road. Plaintiff needs to provide this Court

---

[3] Further, Ms. Wicks' name is handwritten in the "Deed of Trust," whereas Feldon F. Wicks is the only borrower/granter whose name is actually typewritten on the document.

with evidence that she was on the mortgage, or on the Deed of Trust for the property, in order to show that she is a real party in interest relative to that property.

Last, plaintiff has produced a notarized paper, purporting to be an "appointment" of plaintiff Juanita Wicks by Feldon Wicks to "represent" him "concerning all legal matters." The paper is signed by both Feldon and Juanita Wicks. However, as noted above, plaintiff Juanita Wicks cannot represent another party in Court, as she is not a lawyer who is licensed to practice law in Federal Court.[4]

Given the aforementioned, plaintiff has failed to show that she is the property owner and/or mortgage holder of the Hudson Road property, and thus that she has standing to bring this action. Similarly, she has also failed to file an amended complaint in this action, as well as a motion to proceed in forma pauperis signed by the real party in interest, Feldon Wicks. As such, this matter will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action will be **DISMISSED** due to plaintiff's lack of standing to maintain the present lawsuit.

A separate Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 1st day of April, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[4] And there is no indication in the record that Feldon Wicks is a minor or incompetent person such that the appointment of a guardian or counsel to represent his interests is warranted. *See* Fed.R.Civ.P.17(c); *see also, Hartmann v. Carrol*, 882 F.Supp.2d 742 (D.Del. 2012).